UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shawn David Barclay,	Case No. 3:19-cv-02688

    Plaintiff

v.	MEMORANDUM OPINION
	AND ORDER

Jason Clemons, et al.,

    Defendants

**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Shawn David Barclay filed this action against Jason Clemons and Thomas Durham. In the Complaint, Plaintiff alleges Durham verbally contracted with him to perform repairs to a boat and transport it in exchange for the boat itself. He contends he has a maritime lien on the vessel and is entitled to an arrest in rem to obtain possession and title to the boat.

Plaintiff's Complaint contains very few facts. Much of the information about Plaintiff's legal claim comes from documents he filed in a parallel state court action, which he initiated in October 2019, prior to filing this action in federal court. *See Barclay v. Clemons*, No. 2019 CV 0566 (Erie Cty Ct. Comm. Pl. filed Oct. 4, 2019).

The disputes at issue in both cases are the ownership of a boat and what monies, if any, are owed to Plaintiff for repairs he made to it. The boat originally belonged to Michael Hasenmeier,

who stored it on dry land at the Bay View Storage lot. The lot and the storage business was owned by the Durham family. Hasenmeier abandoned the boat, owing storage fees to the Durham family. In lieu of paying those fees, he agreed to sign over the title of the boat to Thomas Durham.

Plaintiff was homeless in 2016. He occupied the boat on the lot for ten days from June 20, 2016 to June 30, 2016, until his presence was discovered by Durham. At that point, he was told he could not live on the boat on the lot due to insurance reasons. Plaintiff contends, however, that Durham told him he could have the boat if he could remove it from the lot. The boat was in bad condition and removal was not possible without substantial repairs. Plaintiff was permitted to enter the yard to work on the boat from July 5, 2016 to September 7, 2016. He lived in a motel during this time. When the weather became inclement, Plaintiff left the area with the intention of returning in the spring to continue work.

In July 2017, Durham informed Plaintiff that the land was being sold to Clemons. Durham gave Plaintiff another chance to remove the boat; however, Plaintiff found it difficult to find someone to remove the boat without insurance and a title. Durham was not willing to transfer title to the boat unless Plaintiff removed it from the lot. Durham had a boat trailer but would not assist Plaintiff with removing it saying it was Plaintiff's responsibility if he wanted the boat. Plaintiff asked Clemons to help him move it, but Clemons refused saying the boat was too old and unsafe to move. Plaintiff left the United States for Canada saying he had run out of money and would return the following spring.

Plaintiff returned in the summer of 2018 and learned that the sale of the land was not complete. He contends he was not obligated to pay rent for the lot space as he and Durham had an oral agreement that the boat could stay there free of charge. Plaintiff returned to Canada in September 2018 with the understanding that Durham would contact him if the land sold.

In July 2019, Plaintiff returned to the United States to check on property in Minnesota. He assumed the boat had been lost but was surprised to see that it was still on the lot. He learned that the property had been sold to Clemons on July 13, 2019. Durham also transferred title to the boat to Clemons, as it was on the lot. Plaintiff arrived in Ohio on September 4, 2019. He begged Clemons not to scrap the boat and allow him to keep it in the yard until he could move it. Clemons told him if he wanted the boat to be kept on the lot, he would have to pay rent. Plaintiff asked for the title and Clemons refused. Clemons offered to transfer the title to Plaintiff if he removed the boat from the lot. Plaintiff once again was unable to find someone willing to move the boat.

Fearful that Clemons would scrap the boat, Plaintiff filed a civil action in the Erie County Court of Common Pleas against Clemons, Durham, and Durham's wife. On October 23, 2019, he also filed a Motion for Temporary Injunction to prevent Clemons from destroying the boat while the action is pending and permitting him to come onto the lot to secure transfer of the boat. The court conducted an *ex parte* hearing on the Motion and denied it, stating that Plaintiff did not have standing to bring the Motion because he was not then nor was he ever the titled owner of the boat. The Defendants answered the Complaint and Plaintiff filed responses. That matter is still pending in state court on the issues of what interest, if any, Plaintiff has in the boat and whether monies are owed to Plaintiff for work he performed on the boat.

Following the denial of his Motion, Plaintiff filed this action on November 19, 2019, claiming he has a maritime lien on the boat due to the work he performed on it. He claims he had an oral agreement with Durham, the boat's owner, to repair the boat and arrange transport in exchange for payment. He alleges payment was to be the boat itself. He contends he was not paid for his services and therefore he has a maritime lien on the vessel. He seeks to enforce this lien through an arrest in rem of the boat and has demanded that the United States Marshals seize the boat. He asks this Court to award him title to the vessel.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Plaintiff cannot file an action in federal court to relitigate matters that were already decided in state court proceedings. Federal Courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir.

4

2006). The doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392 (2008). "Claim preclusion bars relitigation of claims that were raised in a previous action and those which could have been litigated in the prior lawsuit." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Id.*

Collateral estoppel applies in this case. Plaintiff first brought this matter to state court claiming ownership of the boat and seeking a temporary injunction from that court preventing Clemons from destroying it. When his Motion for Temporary Injunction was denied because the court determined Plaintiff was not the boat's owner, Plaintiff filed this action in federal court claiming ownership of the boat because he had done work on it in exchange for ownership. He wants the United States Marshals to seize the boat and give him the relief which the state court already denied. He cannot litigate that issue again in federal court. I must give full faith and credit to the state court's decisions.

Furthermore, even if Plaintiff's request for a maritime lien and an arrest in rem were not barred by the doctrine of *res judicata*, I would not interfere in a pending state court action that is based primarily on state law. Under the Federal Maritime Lien Act, 46 U.S.C. § 31342 ("the Act"), a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner has a maritime lien on the vessel which can be enforced by a civil action in rem. Simply working on a boat, however, does not give rise to a maritime lien. The services and materials must be for the purpose of facilitating the vessel's use in navigation or maritime commerce. *Harbour Lights Marina, Inc. v. Wandstrat*, 153 B.R. 781, 782-84 (S.D. Ohio 1993) (quoting cases from the First, Fifth, and Eleventh Circuits as well as the Southern District of New York).

5

Before I can consider the question of whether a boat that has been in dry dock for over four years can qualify for a maritime lien, I must determine what agreement the parties had concerning ownership of the boat, and compensation for repairs. The Act allows a lien only for services and necessaries provided to the vessel on the order of the owner. If, as he alleges in the state court action, the parties agreed that Plaintiff is the actual owner of the boat and he was making repairs to facilitate its removal from the lot, the Act would not provide relief. If, as he alleges in this federal court action, Durham was the owner of the boat and had contracted with him to make repairs to the boat in exchange for the boat itself, additional questions would arise to determine if the Act provides a source of relief, and if so, how the parties agreed he would be compensated.

These are the very same issues that are already pending in the state court action. Plaintiff brought this action in federal court only after receiving an unfavorable decision on Motion for Injunctive Relief from the state court. He sought the same relief in this court, albeit through a different channel. Plaintiff cannot maintain a parallel case in federal court litigating the same issues he is litigating in state court against the same Defendants based on the same facts and hoping to obtain a favorable result in at least one of the forums. The potential for conflicting results is too great and the duplication of efforts would be of no value.

There are several factors favoring dismissal of this federal action in favor of the state court proceeding. First, Plaintiff initiated the action in state court before filing this action in federal court. The parties are the same in both actions. Although both cases are in the early stages, the state court has already conducted a hearing and issued an Order denying Plaintiff's Motion for Injunctive Relief. The Defendants have been served in the state court action and have filed Answers. They have not been served with this action. Second, the issues in this case are matters of state contract law, not federal law. The maritime lien arises as an issue only if the court determines the ownership interest and the contractual obligations in a way that allows for the lien to be considered. Moreover,

Plaintiff asserted his claim for a maritime lien in the state court proceeding as well. The state court can determine if the lien applies and how the parties intended for Plaintiff to be compensated. In the interest in avoiding piecemeal litigation, and in consideration of judicial economy and federal-state comity, this federal court action is dismissed. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)).

## CONCLUSION

Therefore, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge